# EXHIBIT 2

Electronically Filed
7/14/2026 1:38 PM
Fourth Judicial District, Ada County
Trent Tripple, Clerk of the Court
By: Griffin Hatcher, Deputy Clerk

Matthew G. Gunn, ISB #8763
matt@lawmgg.com
LAW OFFICES OF MATTHEW G. GUNN
702 West Idaho Street, Suite 1100
Boise, ID 83702
Telephone: (208) 472-8834

Attorney for Plaintiff

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| WISEGUY HOLDINGS, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>FISERV SOLUTIONS, LLC, a Wisconsin limited liability company;<br><br>Defendants. | Case No. CV01-26-14181<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Wiseguy Holdings, LLC ("Wiseguys"), the above-named Plaintiff, and for cause of action against Defendant, hereby COMPLAINS AND ALLEGES as follows:

## PARTIES

1. At all times relevant to the allegations herein, Wiseguys was and now is an Idaho limited liability company duly registered with the Secretary of State to do business in Idaho.

2. At all times relevant to the allegations herein, Defendant FiServ Solutions, Inc. ("FiServ") was and now is a limited liability company formed in Wisconsin and duly registered with the Secretary of State to do business in Idaho.

## JURISDICTION AND VENUE

3. Jurisdiction is appropriate pursuant to Idaho Code § 1-705.

4. Venue is appropriate pursuant to Idaho Code § 5-404 as the Defendants do business in Ada County and the events giving rise to this complaint occurred in Ada County.

## GENERAL ALLEGATIONS

5. Wiseguys operates a Boise restaurant serving pizza and Italian food and used an online ordering and credit-card payment system to receive and process online customer orders.

6. Wiseguys obtained that online ordering and credit-card payment system through several third-party service providers. FiServ was the ultimate credit-card processor at the back end of Wiseguys' online ordering and credit-card payment system.

7. In November and December 2022, scammers used Wiseguys' online payment system for "card testing," a foreseeable form of credit-card fraud involving repeated attempted transactions using credit-card numbers. These card-testing orders resulted in no actual orders being

placed, and thus no profit realized by Wiseguys. These phantom orders, however, did trigger transaction fees being charged to Wiseguys by their online ordering service providers.

9. As a direct result of the card-testing fraud event, Wiseguys was charged $58,970.45 in transaction fees for phantom orders by its online ordering service providers on or about November 2, 2022, and a further $13,285.47 in transaction fees for phantom orders on or about December 2, 2022, for a total of $72,255.92 in transaction fees charged to Wiseguys directly caused by the phantom ordering card-testing fraud event.

10. These transaction fees caused by the card-testing fraud event were charged to Wiseguys by two entities. First, Gravity Payments charged Wiseguys $22,391.41 in transaction fees related to the card-testing event and the phantom orders. Gravity Payments refunded these transaction fees to Wiseguys.

11. Second, FiServ charged Wiseguys $49,864.51 in transaction fees related to the card-testing event. In communications with Wiseguys, FiServ acknowledged charging Wiseguys $49,864.51 in transaction fees related to the card-testing event and phantom orders, but refused to refund such fees to Wiseguys.

**COUNT ONE**

***Unjust Enrichment***

12. Wiseguys realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 11 above as if set out in full.

13. Wiseguys conferred a benefit on FiServ, $49,861.51 of its cash, which benefit FiServ knowingly appreciated and retained. Fiserv's retention of Wiseguys' cash which directly resulted from a fraudulent card-testing event is unjust and inequitable.

14. As a consequence of Defendant's unjust enrichment, Wiseguys has been required to retain the services of legal counsel and is, therefore, entitled to recover his attorney fees and costs incurred in prosecuting this action, pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rule of Civil Procedure 54, and any other applicable statute or rule.

15. Wiseguys hereby reserves this paragraph for inclusion of a claim of punitive damages pursuant to Idaho Code § 6-1604.

## PRAYER FOR RELIEF

WHEREFORE, WISEGUYS prays for Judgment, Order and Decree of this Court as follows:

1. For judgement of the Court awarding damages exceeding $10,000.00;

2. For Wiseguys' reasonable attorney fees and costs of suit, and in the amount of $5,000.00 should a default judgment be entered;

3. For prejudgment interest under each of the losses suffered by Wiseguys as provided in Idaho Code § 28-22-104; and

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Wiseguys hereby demands a jury trial pursuant to Idaho Rule of Civil Procedure 38(b).

DATED this 14th day of July 2026.

LAW OFFICES OF MATTHEW G. GUNN

/s/ Matthew G. Gunn
Matthew Gunn
Attorney for Plaintiff