**Chad E. Bernards, ISB # 7441**
JONES WILLIAMS FUHRMAN GOURLEY, P.A.
The 9th and Idaho Center
225 N. 9th Street, Ste. 820
P.O. Box 1097
Boise, Idaho 83702
Tel.: 208-331-1170
Fax: 208-331-1529
cbernards@idalaw.com

*Counsel for Defendant*
*Fiserv Solutions, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| WISEGUY HOLDINGS, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FISERV SOLUTIONS, LLC, a Wisconsin limited liability company,<br><br>Defendant. | Case No.: 1:26-cv-00549-REP<br><br>**FISERV SOLUTIONS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

Defendant Fiserv Solutions, LLC ("Fiserv") moves this Court for an Order dismissing Plaintiff Wiseguy Holdings, LLC's ("Plaintiff") Complaint with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

Plaintiff seeks to recover fees allegedly charged following a purported card-testing event where unknown bad actors repeatedly attempted to submit payment card transactions using Plaintiff's website. (Compl. ¶¶ 7, 9.) Plaintiff has already tried, and failed, to recoup the fees at issue in this lawsuit from its point-of-sale and online ordering provider Khamu Solutions, LLC

("Khamu"). ("Khamu Complaint", attached as **Exhibit 1**[1] to the Declaration of Counsel (the "Bernards Decl."), filed contemporaneously herewith; *see also* August 27, 2026 Mem. Decision & Order on Def.'s Mot. for Summ. J. ("Order") at 2, attached as **Exhibit 2** to the Bernards Decl.) Likely anticipating the Court's dismissal of its lawsuit against Khamu, Plaintiff filed the instant action against Fiserv, a party with which Plaintiff has no contractual or business relationship.

Indeed, as Plaintiff admitted in the Khamu Complaint, a separate entity, Gravity Payments, Inc. ("Gravity"), serves as Plaintiff's payment card processor under the terms of a Merchant Application and incorporated Program Guide (collectively, the "Gravity Agreement", attached as **Exhibit 3** to the Declaration of Jill E. Dokson (the "Dokson Declaration")[2]). (Khamu Compl. ¶ 7; Gravity Agmt. at Confirmation Page (identifying Gravity as the "Processor").) Fiserv is not a party to the Gravity Agreement, and Plaintiff has not asserted ***any*** factual allegation supporting the existence of any relationship between Plaintiff and Fiserv (because no such relationship exists).

---

[1] The Court may take judicial notice of court filings and records. *Christ v. Ada County et al.*, No. 1:24-CV-00180-DKG, 2026 WL 2137992, at *2 (D. Idaho July 24, 2026) (collecting cases); *see also* Bernards Decl. ¶¶ 2, 3.

[2] The Court may consider the Gravity Agreement, which the Complaint incorporates by reference and which forms the basis of Plaintiff's claim. *Bergstrom v. Corizon, LLC*, No. 1:20-CV-00267-MDH, 2020 WL 7409051, at *2 (D. Idaho Dec. 17, 2020) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity"). Here, Plaintiff claims Fiserv is responsible for the transaction fees at issue because it is the ultimate payment processor (Compl. ¶ 6) and somehow charged Plaintiff transaction fees (*id.* ¶ 11), but both allegations necessarily rely on (and are rebutted by) the Gravity Agreement. Additionally, no party can question the authenticity of this document. (Dokson Decl. ¶ 5.) The Court should consider the contents of the Gravity Agreement as true. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).").

Rather, Plaintiff only alleges Fiserv is the "*ultimate* credit-card processor at the back end of [Plaintiff's] online ordering and credit-card payment system." (Compl. ¶ 6 (emphasis added).)

But this singular conclusory allegation about Fiserv is directly inconsistent with the Gravity Agreement and with Plaintiff's factual allegations in the Khamu lawsuit, where Plaintiff alleges that ***Gravity*** is its payment processor. (Khamu Compl. ¶ 7; Order at 10 ("[Plaintiff] admit[s] in the Complaint that it separately contracted with Gravity to provide credit-card payment-processing services").) Because Plaintiff's sole factual allegation against Fiserv is contrary to the relevant agreement and Plaintiff's prior factual allegations, the Court need not (and should not) accept Plaintiff's allegation as true and must therefore dismiss this action. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (holding that a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit").

The Court should also dismiss Plaintiff's unjust enrichment claim because the Gravity Agreement and Plaintiff's own merchant statements show that Gravity – not Fiserv – charged the fees at issue. The Court should therefore also reject Plaintiff's conclusory allegations that it conferred any benefit on Fiserv and must dismiss this action on this basis as well.

Finally, the Court should dismiss Plaintiff's unjust enrichment claim because there exist no unfair or inequitable circumstances here. Under the Gravity Agreement, Plaintiff specifically agreed to be responsible for all fees without distinction. Despite having read and executed the Gravity Agreement and accepting its benefits (by accepting online payment card transactions), Plaintiff has nonetheless decided it should not hold up its end of the bargain. The only unfair or inequitable result that could result from this lawsuit is if the Court decided that Fiserv, a party with no relationship with Plaintiff, was required to pay the damages Plaintiff seeks to recover or to

continue defending against this patently meritless claim. The Court should reject Plaintiff's attempt to shift the risk of loss to Fiserv and dismiss this action with prejudice.

## II. BACKGROUND

Plaintiff is an Italian restaurant that uses "an online ordering and credit-card payment system to receive and process online customer orders."[3] (Compl. ¶¶ 5-6.) According to the Complaint, in or about November and December 2022, Plaintiff was the victim of a card-testing event where unknown bad actors repeatedly attempted online transactions using credit cards (*id.* ¶ 7), resulting in transaction fees of $58,970.45 on or about November 2, 2022 and $13,285.47 on or about December 2, 2024, totaling $72,255.92. (*Id.* ¶ 9; *see* October and November 2022 Processing Statements (the "Statements") attached collectively as **Exhibit 4** to the Dokson Decl.[4])

In 2024, Plaintiff sued Khamu seeking to recover damages resulting from the same card-testing event (*see* Khamu Compl.), but that court recently granted summary judgment in Khamu's favor. (*See* Order.) During discovery in that case, Plaintiff issued a subpoena to Fiserv seeking information related to the card-testing event and Plaintiff's relevant agreements, and Fiserv produced the Gravity Agreement. Despite Fiserv not being a party to any agreement with Plaintiff (and despite not having any relationship with Plaintiff) and despite the Gravity Agreement clearly stating Gravity is Plaintiff's payment processor and that Plaintiff is responsible for the fees resulting from the transactions at issue, Plaintiff sued Fiserv, seeking again to offload Plaintiff's own liabilities.

---

[3] Fiserv assumes the facts alleged in the Complaint are true for the purposes of this Motion only.

[4] The Court may consider the Statements because the Complaint incorporates them by reference (Compl, ¶ 9), they form the basis of Plaintiff's claim (*id.* ¶¶ 11, 13), and their authenticity cannot be questioned (Dokson Decl. ¶ 6). *Bergstrom*, 2020 WL 7409051, at *2.

## III. ARGUMENT & AUTHORITIES

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555–56 (2007). Plaintiff must include "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. A complaint that asserts "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor can a complaint survive if it is based upon "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Further, a court should not consider legal conclusions in determining whether the complaint has stated a claim for relief. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Additionally, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.).

Under Idaho law, an unjust enrichment claim consists of "(1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof." *Stevenson v. Windermere Real Est./Cap. Grp., Inc.*, 152 Idaho 824, 827, 275 P.3d 839, 842 (2012). "The substance of an action for unjust enrichment lies in a promise, implied by law, that a party will render to the person entitled thereto that which in equity and good conscience belongs to the latter." *Id.* Plaintiff's claim necessarily fails because it has not alleged factual allegations sufficient to establish the elements of this claim.

### A. Plaintiff's unjust enrichment claim fails because Plaintiff does not (and cannot) allege the requisite relationship with Fiserv.

Under Idaho law, a party cannot allege unjust enrichment "where the alleged injured party has no relationship with the alleged injuring party." *Beco Const. Co. v. Bannock Paving Co.*, 118 Idaho 463, 465-66, 797 P.2d 863, 865-66 (1990). Here, Plaintiff does not assert any factual allegation establishing a relationship with Fiserv because no such relationship exists.

Indeed, as Plaintiff alleged in the Khamu Complaint, ***Gravity*** is Plaintiff's payment processor. (Khamu Compl. ¶ 7.) The Gravity Agreement confirms this relationship. (Gravity Agmt. at Confirmation Page (identifying Gravity as the "Processor"); § 46 (defining "Processor" as "[t]he entity identified on the Application (other than the Bank) which provides certain services under the Agreement").) Fiserv is not a party to the Gravity Agreement. (*See generally*, Gravity Agmt.) Plaintiff's allegation that Fiserv was the "ultimate credit-card processor at the back end of [Plaintiff's] online ordering and credit-card payment system" is therefore directly contrary to the express language of the Gravity Agreement, under which Gravity – not Fiserv – agreed to provide processing services to Plaintiff. (*Compare* Compl. ¶ 6, *with* Gravity Agmt. §§ 21 (stating Gravity will perform "Services" under the Gravity Agreement); 46 (defining "Services" as "the activities undertaken by [Gravity] to authorize, process and settle Card transactions undertaken by Cardholders at [Plaintiff's] location(s)") *and* Order at 10 ("[Plaintiff] admitted in the Complaint that it separately contracted with Gravity to provide credit-card payment-processing services"); *see also Sprewell*, 266 F.3d at 988 ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").).

Additionally, even if Fiserv provided services to ***Gravity***, this is wholly irrelevant. To state a claim for unjust enrichment, Plaintiff must plead factual allegations showing Fiserv made one or

more promises to Plaintiff or had a relationship with Plaintiff that created some sort of expectation that Fiserv would pay the fees at issue. The Complaint is devoid of any such factual allegation. Without a relationship with Fiserv, there can be no "promise" or obligation on the part of Fiserv necessary to support an unjust enrichment claim. *Stevenson*, 152 Idaho at 827, 275 P.3d at 842. Plaintiff's unjust enrichment claim fails for this reason alone and should be dismissed.

**B. Plaintiff's unjust enrichment claim fails because Plaintiff did not confer a benefit to Fiserv.**

An unjust enrichment claim requires the plaintiff confer a benefit on the defendant. *Stevenson*, 152 Idaho at 827, 275 P.3d at 842. Plaintiff claims Fiserv charged "$48,864.51 in transaction fees related to the card-testing event" (Compl. ¶ 11), but the Gravity Agreement and Plaintiff's Statements show this allegation is false. Fiserv did not charge Plaintiff any fees – Gravity did consistent with the terms of the Gravity Agreement. (*See* Statements (showing Gravity issued Plaintiff's Statements); *see* Gravity Agmt. at 2 (outlining various fees Gravity would charge), § 25.1 ("In consideration of the Services provided by [***Gravity***], [Plaintiff] shall be charged, and hereby agree[s] to pay [***Gravity***] any and all fees set forth in this Agreement" (emphasis added)); *see also Sprewell*, 266 F.3d at 988.) Plaintiff fails to plead any other benefit it purportedly conferred on Fiserv, nor can it. Without a benefit conferred, Plaintiff's claim for unjust enrichment fails and should be dismissed. *Beco*, 118 Idaho at 467, 797 P.2d at 867 (1990) (dismissing unjust enrichment claim because the plaintiff did not confer any benefit on the defendant); *Stevenson*, 152 Idaho at 827, 275 P.3d at 842 (2012) (dismissing unjust enrichment claim because the benefit was not conferred directly on the defendant).

### C. Plaintiff's unjust enrichment claim fails because Plaintiff is contractually obligated to pay the transaction fees at issue.

Finally, Plaintiff's payment of transaction fees cannot be considered unjust because Plaintiff is contractually obligated to pay these fees. (Gravity Agmt. §§ 25.1 ("In consideration of the Services provided by us, you shall be charged, and hereby agree to pay us any and all fees set forth in this Agreement (for the purposes of clarity, this includes the Application and any additional pricing supplements or subsequent communications), all of which shall be calculated and payable pursuant to the terms of this Agreement."); 25.2 ("All authorization fees will be charged for each transaction that you attempt to authorize. All capture fees will be charged for each transaction that you transmit to us for settlement.").) Plaintiff claims it is inequitable for Fiserv to retain the fees charged (which Fiserv did not charge) because they "resulted from a fraudulent card-testing event." (Compl. ¶ 14.) But the Agreement does not make this exception; instead, it requires Plaintiff to pay "any and all fees set forth in this Agreement". (Gravity Agmt. §§ 23.3, 25.1, 25.2, 25.4.) There is nothing inequitable about Plaintiff's upholding its end of the bargain into which it willingly entered. *Rencher v. Recontrust Co.*, No. 4:15-CV-00130-BLW, 2015 WL 7013393 (D. Idaho Nov. 12, 2015) (dismissing unjust enrichment claim because the benefits the plaintiff allegedly conferred "were payments made pursuant to her contractual obligation" and holding "[i]t is certainly not inequitable for a defendant to retain a bargained-for benefit under the terms of a contract."). To the contrary, the only unfair or inequitable result of this lawsuit would be if Fiserv, a party with no relationship with Plaintiff, was required to pay the damages Plaintiff alleges or to continue defending against this lawsuit. Plaintiff's claim for unjust enrichment likewise fails for this reason and should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice in its entirety.

DATED this 1st day of September 2026.

JONES WILLIAMS FUHRMAN
GOURLEY, P.A.

By: */s/ Chad E. Bernards*
Chad E. Bernards
*Counsel for Defendant Fiserv Solutions, LLC*